1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JONES, on behalf of himself, all others similarly situated, and the aggrieved employees under the Labor Code Private Attorneys General Act of 2004,<br><br>Plaintiff,<br><br>vs<br><br>SHRED-IT USA, INC., a Delaware corporation; SHRED-IT INTERNATIONAL, INC., a corporation organized under the laws of Canada; SHRED-IT CANADA CORPORATION, a corporation organized under the laws of Canada; SECURIT INFORMATION SECURITY, a corporation organized under the laws of Canada; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:11-CV-00526 SVW (FFMx)<br><br>**~~PROPOSED~~ STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**<br><br>**DISCOVERY MATTER**<br><br>CLASS ACTION<br><br>State Action Filed: 12/14/10<br>Removal Date: 1/18/11<br><br>**NOTE CHANGES MADE BY COURT** |

In the course of discovery in this proceeding, Defendant Shred-It USA, Inc., by and through its attorneys, Sarah Mott of Hanson Bridgett LLP and Gregory Pinski of Conner & Pinski, PLLP, and Plaintiff Robert Jones, by and through his attorneys, David Spivak of The Spivak Law Firm and other attorneys working with

REVISED PROPOSED STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION (Case No. 2:11-CV-00526 SVW (FFMx))

2897055.1

1  him, hereafter referred to as the "designated parties," will produce or receive certain
2  confidential, proprietary information and documentation in Defendant's possession.
3  The designated parties intend that this information be kept confidential and not be
4  used for any purpose other than in this action. It therefore is ORDER AS
5  FOLLOWS:
6      1.    Confidential information is defined by the parties as (a) a trade secret,
7  which specifically includes but is not limited to financial and customer information,
8  (b) proprietary information created by Defendant for business purposes, (c) private
9  personal information or (d) personnel records of any individual. Confidential
10 information may be designated by any party as being subject to the provisions of
11 this Stipulated Protective Order Regarding Confidential Information ("Stipulated
12 Protective Order").
13     2.    This Stipulated Protective Order shall govern all documents, things,
14 information and other materials provided or produced in connection with this
15 litigation, whether provided informally or produced pursuant to a formal discovery
16 request or subpoena.
17     3.    Any designated party shall have the right to designate as
18 "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" any
19 documents or information provided by or produced by it, or provided to or
20 produced to it, in connection with this litigation that it reasonably believes to
21 constitute proprietary information, confidential business or financial information,
22 and/or trade secrets relating to its business, and/or information in which the
23 designating party or third parties might have a privacy interest, or any other
24 information as to which disclosure could cause unnecessary harm or annoyance.
25 For any documents designated "CONFIDENTIAL – ATTORNEYS' EYES
26 ONLY" the parties agree to meet promptly to attempt to resolve any objections to
27 such designation.
28     4.    ~~Any document or tangible thing designated as confidential information~~

1  ~~that is identified as an exhibit in connection with testimony given in these~~
2  ~~proceedings will be marked with the label "CONFIDENTIAL" or~~
3  ~~"CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate, and any~~
4  ~~testimony concerning the document or thing will also be considered confidential~~
5  ~~information and will be subject to the terms of this Stipulated Protective Order~~.
6  **(FFM)**

7       5.    The producing party shall, in the first instance, determine in good faith
8  whether the documents produced are confidential as defined herein, and shall so
9  identify the documents, or any part thereof, by affixing an appropriate physical
10 designation to it, or by such other means that are reasonably calculated to provide
11 such identification.  Documents and discovery responses that contain confidential
12 information, but which have been produced by mistake without a confidential
13 designation, shall be subject either to subsequent redaction or being designated and
14 marked as containing confidential information, provided the producing party does
15 so within 45 days of the production.  Within five (5) days of the receipt of
16 substitute copies, the receiving party shall return or destroy the previously
17 unmarked items and all copies thereof, and shall provide to the producing party a
18 certificate reflecting such disposition.  Any inadvertent disclosure of confidential
19 information shall not be deemed a waiver of confidentiality.

20      6.    In the case of deposition testimony, including oral testimony,
21 videotaped testimony, deposition transcripts and information contained therein,
22 including exhibits, it shall initially be treated as "CONFIDENTIAL –
23 ATTORNEYS' EYES ONLY" without the necessity of designating such testimony
24 as such.  Upon transcription of the deposition, a designating party shall have twenty
25 (20) days after receipt of the transcript to notify the court reporter and other counsel
26 of record in writing of the portions of the transcript to be designated as
27 "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," if
28 any. Depositing the written notice in the United States mail within such twenty

1  (20) days shall be deemed timely compliance with this requirement.  All other
2  portions, or the entire transcript if no designation is made, shall not be treated as
3  "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," and
4  shall not be within the terms of this Order after the twenty (20) day period.
5  Alternatively, and in addition to the above method, deposition testimony may be
6  designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES
7  ONLY" during the deposition, in which case the transcript of the designated
8  testimony shall be bound in a separate volume and marked "CONFIDENTIAL" or
9  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the court reporter.  That
10 portion of the deposition which may reveal information that is "CONFIDENTIAL"
11 or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be conducted under
12 circumstances such that only those persons authorized hereunder to have access to
13 such information shall be present (unless otherwise agreed to by all counsel of
14 record in writing or on the record).

15        7.    Any party who objects to the designation of a document as
16 "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall
17 notify the designating party in writing of that objection and specify the designated
18 document to which objection is made. The parties shall, within seven (7) days of
19 service of the written objection, meet and confer concerning the objection.  If the
20 objection is not resolved, the party objecting to the designation of the documents as
21 "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may,
22 ~~within fifteen (15) days of the expiration of the meet and confer period, schedule a~~
23 ~~telephone conference with the magistrate to resolve the dispute.  Failure to bring the~~
24 ~~matter in front of the magistrate within the applicable FRCP or Local Rule period~~
25 ~~waives the objection~~ **seek relief from the Court.  Any such motion must fully**
26 **comply with Local Rule 37**.  **(FFM)**
27        8.    A designated party will not use any confidential information disclosed
28 to him or it for any purposes other than this litigation.

- 4 -

REVISED PROPOSED PROTECTIVE ORDER REGARDING CONFIDENTIAL
INFORMATION (Case No. 2:11-CV-00526 SVW (FFMx))

2897055.1

1   9.   Confidential information will be produced only to the designated
2   parties seeking discovery of it and will not be exhibited or disclosed to any person
3   except such counsels' client(s), co-counsel of record in this action, **the Court and**
4   **its personnel (FFM)** or designated experts without the written consent of counsel
5   for the party producing it.  No person to whom this confidential information is
6   disclosed will discuss the information or disclose it to any person other than those
7   described in this paragraph or for any purpose other than this litigation.

8   10.   Documents, and the information contained therein, which are
9   designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be disclosed
10  only to the Court, counsel and experts retained by any of the parties who are
11  consulted or designated to testify in this action, provided, however, that
12  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents shall not be
13  disclosed to any expert unless the retaining party has a good faith belief based on a
14  reasonable inquiry that the expert is not a competitor, not employed by a competitor
15  or would not otherwise derive personal benefit from the information in the
16  disclosed materials of the party whose "CONFIDENTIAL – ATTORNEYS' EYES
17  ONLY" documents are to be disclosed.

18  11.   Counsel to whom confidential information is disclosed or produced
19  will be responsible for ensuring that parties and other persons are informed of the
20  terms of this Stipulated Protective Order, but that no one, other than the designated
21  parties, is informed of the substance of any confidential information disclosed or
22  produced.  Before disclosing confidential information to any other person, counsel
23  will seek a modification of this agreement, as provided for below, to add the name
24  of that person as a designated party or obtain from that person a written agreement
25  to be bound by the terms of this Stipulated Protective Order.

26  12.   No person **other than the Court and its personnel (FFM)** authorized
27  to review documents designated as "CONFIDENTIAL" or "CONFIDENTIAL –
28  ATTORNEYS' EYES ONLY," respectively, shall be given access to such

- 5 -
REVISED PROPOSED PROTECTIVE ORDER REGARDING CONFIDENTIAL
INFORMATION (Case No. 2:11-CV-00526 SVW (FFMx))

2897055.1

1  documents until and unless such person has read this Stipulated Protective Order,
2  and agreed in writing to be bound by it through execution of a declaration in the
3  form attached hereto as Exhibit A.  The original of the executed declaration shall be
4  retained by counsel representing or consulting with the person who has executed
5  such declaration.  That counsel shall thereupon provide written notice to all other
6  counsel of record identifying the person who has executed the declaration and
7  provide a copy of such declaration to other counsel of record, unless such person is
8  a consulting expert. With respect to consulting experts, counsel consulting with
9  such experts shall retain the executed declaration and need not identify such experts
10 to other counsel (unless otherwise required or ordered to do so).

11      13.   A deponent may be examined regarding documents that have been
12 designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES
13 ONLY," provided that there is a reasonable basis to believe that the witness will
14 give relevant testimony regarding such documents and the deponent agrees in
15 writing to be bound by the terms of this Stipulated Protective Order by executing a
16 declaration in the form attached hereto as Exhibit A.  Such agreement by a party
17 deponent shall not be unreasonably withheld.

18      14.   All persons who have agreed to be bound by the terms of this
19 Stipulated Protective Order, or who otherwise fall within the terms of this Order,
20 are bound in their individual and representative capacities, either of which is
21 understood to be subject to contempt proceedings for violation of this Order.

22      15.   Within 90 days after the final disposition of this action, all Documents
23 designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES
24 ONLY" (including without limitation, any copies, extracts or summaries thereof)
25 shall be delivered to counsel for the designating party, or, at the option of the
26 designating party, be destroyed, and counsel for the parties shall affirm to each
27 other in writing that all such documents produced to them (including, without
28 limitation, any copies, extracts or summaries thereof) have been returned or

1  destroyed; provided, however, that counsel of record shall be entitled to retain
2  notes, correspondence, pleadings, memoranda, declarations, affidavits, deposition
3  transcripts, extracts or summaries which attach, contain or refer to any such
4  documents, but only to the extent necessary to preserve a litigation file with respect
5  to this action or to preserve any attorney's work product.

6      16.    Nothing in this Stipulated Protective Order (a) affects, in any way, the
7  admissibility of any documents, testimony, or other evidence at trial or (b) restricts
8  the use of information obtained from sources other than discovery conducted under
9  the terms of this Stipulated Protective Order.

10      17.    The designated parties reserve all rights to object to the admissibility at
11  trial of the documents, testimony and information that are the subject of this
12  protective order on any and all grounds, including privacy.

13      18.    This Stipulated Protective Order may be modified by agreement of the
14  parties, subject to approval of the Court.

15      19.    The designated parties shall comply with C.D. Cal. Loc. R. 79-5 in the
16  event counsel lodges or files any documents covered by order of this Court.

17      **20.**    **Nothing herein relieves any person or entity from fully complying**
18  **with any lawfully issued subpoena or other process issued in any third party**
19  **proceeding. (FFM)**

20      IT IS SO ORDERED

21  DATED: March 8, 2011

       /S/ FREDERICK F. MUMM
    HON. FREDERICK F. MUMM
    U.S. District Judge