# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JONES, on behalf of himself, all others similarly situated, and the aggrieved employees under the Labor Code Private Attorneys General Act of 2004,<br><br>Plaintiff,<br><br>vs<br><br>SHRED-IT USA, INC., a Delaware corporation; SHRED-IT INTERNATIONAL, INC., a corporation organized under the laws of Canada; SHRED-IT CANADA CORPORATION, a corporation organized under the laws of Canada; SECRIT INFORMATION SECURITY, a corporation organized under the laws of Canada; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:11-CV-00526 SVW (FFMx)<br><br>~~PROPOSED~~ **STIPULATED PROTECTIVE ORDER REGARDING EXCHANGE OF CONFIDENTIAL INFORMATION PURSUANT TO MEDIATION PRIVILEGE**<br><br>**DISCOVERY MATTER**<br>CLASS ACTION<br><br>State Action Filed:  12/14/10<br>Removal Date:  1/18/11 |

Prior to, in the course of and pursuant to a private mediation with David Rotman scheduled for March 11, 2011, Plaintiff Robert Jones and Defendant SHRED-IT USA, INC. (collectively referred to as "Designated Parties") have agreed to enter into a protective order concerning certain information that SHRED-IT has agreed to locate, analyze and summarize solely for purposes of settlement.

Revised Proposed Stipulated Protective Order Regarding Exchange Of Confidential Information Pursuant To Mediation Privilege (Case No. 2:11-CV-00526 SVW (FFMx))

2897111.1

1   SHRED-IT USA, INC. will produce certain valuable confidential and/or proprietary
2   information to David Spivak (referred to for purposes of settlement discussions
3   only as "Class Plaintiffs' counsel").  Such information is prepared for the sole
4   purpose of, in the course of and pursuant to this mediation and settlement process
5   (referred to as "settlement conferences"). The Designated Parties intend that this
6   information be kept strictly confidential and not be used for any purpose other than
7   settlement in connection with this litigation.  It therefore is ORDERED AS
8   FOLLOWS:
9       1.   All oral evidence and writings prepared for the purpose of, in the course
10  of or pursuant to settlement discussions is neither admissible nor subject to
11  discovery pursuant to California Evidence Code §§ 1119 and 1152.  This evidence
12  includes but is not limited to any and all oral or written material, either in raw form
13  or as summarized or otherwise provided to Class Plaintiffs' attorney by SHRED-IT
14  USA, INC. attorneys, including but not limited to writings relating to an analysis of
15  employee scheduling, facility contracts, time records and other personnel data for
16  the period January 2007 through February 2011.
17      2.   All documents, information or material produced by any Designated
18  Party for the purpose of, in the course of or pursuant to the settlement conferences
19  in this matter are protected by this Order and are deemed for "Attorneys' Eyes
20  Only."
21      3.   All evidence, including but not limited to writings, produced by any
22  Designated Party for the purpose of, in the course of or pursuant to the settlement
23  conferences in this matter shall be held in strictest confidence, shall be kept
24  securely, and shall be used solely for the purpose of settlement of this litigation and
25  not for any other purpose whatsoever.
26      4.   Access to evidence, documents, testimony, information or materials, as
27  well as written or oral summaries or accounts thereof, produced by any Designated
28  Party  for the purpose of, in the course of or pursuant to the settlement conferences

in this matter shall be limited in distribution solely to:

    (a)    Robert Jones;

    (b)    Certain executive or management employees of SHRED-IT USA, INC. who are assisting in the compilation analysis or summarizing of evidence or materials;

    (c)    Designated Parties' counsel and employees of said counsel who are assisting in the prosecution or defense of this litigation;

    (d)    Mediator David Rotman and any employees who are assisting him in the mediation and/or settlement process; and

    (e)    the Court and officers of the Court.

5.    No Designated Party (including any individuals mentioned in 4(a)) shall, for itself or any person or person acting on its behalf, make copies of any information or material produced by any Designated Party for the purpose of, in the course of or pursuant to the settlement conferences in this matter.

6.    Documents, testimony, information or materials produced by any party for the purpose of, in the course of or pursuant to the settlement conferences in this matter shall not be disclosed to any person identified in Section 4 unless and until such person has signed and returned to counsel for that Designated Party a written agreement that he/she/it has read and agrees to be bound by the terms of this Protective Order.

7.    Upon termination of settlement discussions, whether or not they result in settlement, all originals and copies of documents, testimony, information or material (and all summaries thereof) produced by any Designated Party for the purpose of, in the course of or pursuant to the settlement conferences in this matter, shall be returned to counsel for the producing Designated Party or destroyed unless otherwise ordered by the Court for good cause shown.

8.    Entering into, agreeing to and/or complying with the terms of this Stipulation and Order shall not:

- 3 -

Revised Proposed Stipulated Protective Order Regarding Exchange Of Confidential Information Pursuant To Mediation Privilege (Case No. 2:11-CV-00526 SVW (FFMx))

2897111.1

1         (a)    operate as an admission that any particular material constitutes, contains or reflects admissible evidence;

        (b)    prejudice a Designated Party from seeking further protection of any other confidential information by stipulation, by application to the Court by noticed motion, or by the Court's Trial Order in this case.

        (c)    This Stipulated Protective Order may be modified by agreement of the parties in writing, subject to approval of the Court.

IT IS SO ORDERED

DATED: March 9, 2011

/S/ FREDERICK F. MUMM
HON. FREDERICK F. MUMM
U.S. District Judge

Revised Proposed Stipulated Protective Order Regarding Exchange Of Confidential Information Pursuant To Mediation Privilege (Case No. 2:11-CV-00526 SVW (FFMx))

2897111.1